## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1908.

*(Continued from Volume 134)*

STATE BANK OF WEST UNION, Appellant, v. E. F. SWINNEY, Garnishee; FRANK SCHIBSBY, Interpleader, Respondent.

Kansas City Court of Appeals, January 11, 1909.

GARNISHMENT: Debtor and Creditor: Partial Assignment: Owner. A creditor brought an attachment against his debtor and summonsed S as garnishee who held certain moneys as the property of G. F interpleaded claiming under an assignment from G. Plaintiff resisted the interpleader's claim since the assignment was partial and took place after the garnishment. *Held*, since it was not shown that M was the owner of the fund, G's assignment carried the title to F although made after the garnishment; and the rule relating to partial assignments of debts did not apply.

Appeal from Clay Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*Martin E. Lawson, J. W. Porter* and *James T. Burney & Son* for appellant.

(1) The burden of proof in the trial of this case was upon respondent, interpleader; and his recovery, if at all, must be upon the strength of his own title.

135 App.—1 (1)

Brownwell & Wright C. Co. v. Barnard, 139 Mo. 142; Young v. Glasscock, 79 Mo. 575; Paper Co. v. Crowther, 92 Mo. App. 273; Giett v. McGannon, 74 Mo. App. 209; Brownwell & Wright C. Co. v. Barnard, 139 Mo. 144; Spooner v. Ross, 24 Mo. App. 599; Torreyson v. Turnbaugh, 105 Mo. App. 439; Grocery Co. v. Lusk, 95 Mo. App. 261; Petring v. Chrisler, 90 Mo. 649; Shoe Co. v. Sally, 114 Mo. App. 222. (2) In this case interpleader relies for his right and title to the fund in controversy upon two assignments made by Gertrude Keeney to him, each for a part only of the fund. The first assignment was for two hundred thirteen dollars of date May 1, 1906, and the last dated October 23, 1907, was for the balance of the fund except sixty dollars thereof which was assigned theretofore to Cravens and Moore—the understanding being that the last assignment was for one hundred forty dollars of the fund. This was all done without the consent of the debtor, and was therefore void at law and in equity. Burnett v. Crandell, 63 Mo. 410; Railroad v. Wright, 38 Mo. App. 141; Kiddo Bros. v. Dalton, 73 Mo. App. 667; Gordon v. Jefferson City, 111 Mo. App. 23. (3) The interpleader, in order to recover, must show title and right of possession in himself; and if it appears, as in this case, that the property claimed is, according to interpleader's statement, owned jointly by interpleader and another, there can be no recovery. Upham & Gordon v. Allen, 76 Mo. App. 206; Bryant v. Dyer, 96 Mo. App. 455; Steckman v. Bank, 105 S. W. 674. (4) Under the general denial the question of interpleader's ownership and right of possession was put in issue and a failure of proof in this respect was fatal to interpleader's case. Spooner v. Ross, 24 Mo. App. 599; Pugh v. Williamson, 61 Mo. App. 168; Young v. Glasscock, 79 Mo. App. 572; Upham v. Allen, 76 Mo. App. 206; Hellman and Co. v. Pollock, 47 Mo. App. 205; Bank v. K. C. Lime Co., 43 Mo. App. 561.

*George Reinhardt* and *Craven & Moore* for respondent.

Treating this case as a replevin suit or as an interpleader suit upon an attachment, the appellant cites and relies upon a number of cases holding that a tenant in common of chattels cannot alone, without the consent of cotenant, sue in such actions. This action is in no sense a possessory action. It is neither replevin nor interpleader on attachment, and the technical rules of such actions does not apply. The subject-matter of such actions is specific chattels capable of manual possession, not debts or choses in action. Replevin does not lie for money. Hamilton v. Clark, 25 Mo. App. 428; Pilkington v. Trigg, 28 Mo. App. 95; Barber v. Stroub, 111 Mo. App. 60; Keck v. Fisher, 58 Mo. 532; Pace v. Pierce, 49 Mo. 393; Pallen v. Bogy, 78 Mo. App. 88.

BROADDUS, P. J.—This appeal is from a judgment on an interplea in an attachment suit, wherein the interpleader prevailed and the attaching plaintiff appealed.

The appellant State Bank brought suit by attachment against Luther and Matilda Keeney and E. F. Swinney was summoned as garnishee, who in his answer to interrogatories filed admitted that he had in his hands the sum of $413 deposited in the name of Gertrude Keeney and asked that certain parties claiming the fund be required to interplead. The order was made and Frank Schibsby, the respondent, filed his interplea, claiming the fund as assignee thereof.

The facts of the case are as follows: Gertrude Keeney leased to one, George Neece, the Monte Carlo Hotel at Excelsior Springs at a rental of $1,000 a year, said lease ending March 1, 1907; the rent was payable in four installments, the last being payable November 1, 1906. The greater part of the rental had been as-

signed to other parties before respondent received the last assignment hereinafter mentioned. It appeared that Neece, after having made certain payments on the lease, made the deposit with the garnishee of the sum stated as the balance due after, giving himself credit for some improvements which he had made upon the property. The evidence tended to show that Gertrude and Matilda Keeney became indebted to respondent for certain legal services rendered by him as their attorney. On May 1, 1906, Gertrude Keeney assigned to respondent $213 of the rent money due on the lease, and on October 23, 1907, she assigned to respondent all her right, title and interest in the $413 in the hands of said garnishee.

The assignment of May 1st for $213 was in fact a partial assignment of the claim for rent; but the assignment of October 23, 1907, was an assignment of the entire fund of rent unpaid in the hands of Swinney. Appellant contends, however, that, as this assignment was made after service of garnishment, it was void as to it. This would be true if plaintiff had shown that the rent money was the property of the defendants, but appellant failed to show that it was such. The money was deposited as that of Gertrude and not that of Matilda, the defendant. If it was the property of Gertrude, its assignment by her to respondent whether before or after the service of garnishment was perfectly valid. The plaintiff obtained no right to property by reason of the garnishment that did not belong to defendant Matilda. When the debtor, Neece, put into the hands of Swinney the sum of $413, the amount he claimed was due for rent, that sum constituted his one and entire indebtedness to Gertrude, she having so recognized it as such. Therefore, the assignment covering the entire indebtedness was not void as to either Neece or his creditors as being an assignment of part of a debt. While we are aware that the law does not recognize a partial assignment of an in-

debtedness without the consent of the debtor, we do not believe that question has any application, for the reasons stated, to the facts of this case.

What has been said disposes of the whole case. Affirmed. All concur.